IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 20 CR 434 |
| v. | Judge John F. Kness |
| TYANA WRIGHT, | |
| Defendant. | |

**MEMORANDUM OPINION**

In June 2023, Defendant Tyana Wright pleaded guilty to accepting a bribe in connection with her service as a United States Postal Service employee. In her plea agreement, and as described in the Presentence Investigation Report, Defendant provided legitimate postal addresses to an individual named Leo Draper, who arranged for packages containing controlled substances to be delivered to the addresses provided by Defendant. While working her postal routes, Defendant retrieved the packages from the addresses she had provided and delivered them to Draper. Draper paid Defendant for her work, which involved delivering approximately seven to nine separate occasions.

At her sentencing hearing, Defendant professed regret for her criminal conduct and cited, among other reasons, her status as mother to a young child, her lack of criminal history, and her career prospects as reasons justifying a noncustodial sentence despite the term of imprisonment recommended by the Sentencing

Guidelines. Both the Probation Officer and the Government also recommended a sentence of probation.

In response to Defendant's arguments, and in line with the recommendations of the parties, this Court imposed a three-year term of probation that is scheduled to conclude on September 17, 2026. At the outset of its oral statement of reasons given during the sentencing hearing, the Court emphasized that the conduct of Defendant was serious and required a criminal sanction. But as the Court explained during the sentencing hearing and in its written Statement of Reasons filed along with the final judgment order, a sentence of probation was warranted because Defendant's involvement in the offense was limited; she presented little recidivism risk; and she is the single parent to a minor child.

One of the conditions of Defendant's probation is that she "shall not knowingly leave from the federal judicial district" in which she is being supervised "unless granted permission to leave by the court or the probation officer." *See* Dkt. 51 at 3 (under seal). This restriction has generated two previous requests by Defendant—in June 2024 and September 2024—for permission to engage in leisure travel to Mexico. *See* Dkt. 53, 55. Neither request being opposed by either the Probation Officer or the Government, the Court granted both. *See* Dkt. 54, 56. No issues of noncompliance were reported during Defendant's travel, and she timely returned to the United States.

Defendant has now again asked—for the third time in the past twelve months—that she be permitted to travel internationally on a pleasure trip.

2

Defendant's intended destination is the Dominican Republic. Although no details have yet been provided, it is undisputed that the trip is intended for personal leisure. *See* Dkt. 62. Defendant has had no reported issues of noncompliance while on probation, and it is likewise undisputed that Defendant has paid the $1,000 fine imposed as part of her sentence.

Defendant's most recent request for leave to travel is concerning and has led this Court to consider in greater depth both the purposes of probation and whether pleasure trips like those at issue here are consistent with those purposes. As a form of criminal sanction, probation should not be treated—by a court, a defendant, or the public—as a makeweight. It is well established that the rights of a convict on probation are not unfettered. *See United States v. Schave*, 186 F.3d 839, 844 (7th Cir. 1999) (addressing supervised release). By the "very nature" of a sentence of probation, probationers " 'do not enjoy the absolute liberty to which every citizen is entitled.' " *United States v. Knights*, 534 U.S. 112, 119 (2001) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987)). As with incarceration, probation "is 'a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.' " *Id*.

Put another way, probation has, as an element of penal justification, the purpose of imposing a form of punishment on a proven miscreant. It is a different form of punishment as compared to incarceration, but along with its other purposes (including reformation, leniency, and supervision), probation nonetheless remains punitive in nature. Precedent noting the punitive character of probation is relatively rare; rarer still are cases that explore the origins of and justifications for probation

3

as a form of punishment. But caselaw supports a finding that probation has always been, and remains, a form of punishment. *See, e.g., Hope v. Comm'r of Indiana Dep't of Corrs.*, 9 F.4th 513, 531-32 (7th Cir. 2021) (recognizing probation as a "historical form[ ] of punishment"); *Nelson v. Town of Paris*, 78 F.4th 389, 398 (7th Cir. 2023) (naming supervised release and probation as "traditional forms of punishment"); *United States v. Kozel*, 908 F.2d 205, 207 (7th Cir. 1990) (describing probation as a "form[ ] of punishment"); *United States v. Shelton*, 905 F.3d 1026, 1037 (7th Cir. 2018) (describing prison and supervised release as "two different forms of punishment"); *United States v. Glass*, 1988 WL 105347, at *1 n .1 (N.D. Ill. Sep. 30, 1988) (acknowledging that "probation conditions may have incidental punitive effects in that any restriction of liberty is a form of 'punishment'.").

It is against this legal backdrop that Defendant's current motion rests. When the Court imposed probation on Defendant, it did so in the light of the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). One of those purposes is to provide just punishment for the offense. *Id*. Even by imposing the relatively lenient sentence of probation, the Court intended still to send a punitive message by restricting Defendant's liberty for a full three years. So too for the aims of promoting respect for the law, providing deterrence, and recognizing the seriousness of Defendant's conduct. That those aims could be met through a sentence of probation reflected nothing more than this Court's judgment that the sentence was sufficient, but not greater than necessary, to comply with the statutorily-mandated purposes of sentencing. *See id*.

4

Defendant's request to take yet another international vacation is contrary to the intent of the sentence this Court imposed. Probation is punishment: a person sentenced to probation is supposed to feel the sting of the sentence. Unlike citizens not under the opprobrium of a criminal sanction, Defendant is not allowed to be footloose. That fact should not cause angst: Defendant committed a serious crime, and she should be forced, for punitive (even ascetic) reasons, to confront her misdeeds—to live with the consequences of her misconduct in the hope that she emerges from probation as a reformed citizen.

Gallivanting to exotic locales undermines these principles. It is no stretch to assume that many citizens in this District who are not under a criminal sentence do not have the freedom or means to take a pleasure trip anywhere, let alone the Dominican Republic. So too for individuals who are, as Defendant could have been, sentenced to a term of imprisonment. Given these circumstances, it is wrong to believe that the principles of just punishment, promoting respect for the law, and reflecting the seriousness of Defendant's criminal conduct would be advanced by permitting Defendant to take yet another vacation abroad while still on probation. They would instead be eroded, meaning that Defendant's present motion must be denied.

In making this decision, the Court is mindful that it granted similar requests twice within the past year, leading to Defendant's previous trips to Mexico. Defendant might be justified in wondering why this outcome is different. Perhaps the previous unopposed requests should have been denied as well; in any event, this being

5

Defendant's third travel request in twelve months, the Court has given closer scrutiny to the matter and has adopted the views set out above.

Defendant's motion for leave to travel to the Dominican Republic is denied.

SO ORDERED in No. 20 CR 434.

Date: June 4, 2025

                                                  JOHN F. KNESS
                                                  United States District Judge